

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 19, 1939

Honorable O. J. S. Ellingson
General Manager,
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-592
Re: When suspended sentence is re-
voked and judgment of convict-
ion made final and defendant
is sentenced to penitentiary
for a term different from that
prescribed by Article 779, Code
of Criminal Procedure, should
case be so entered on records
of Texas Prison System?

We acknowledge receipt of and have given careful con-
sideration to your letter dated April 5, 1939, which reads as
follows:

"We would like to have a ruling from you
on the following cases:

"1. Bill Morrison, our #89987, was com-
mitted to the prison system on November 26,
1938, from Hutchinson County, where he had
been convicted in three cases of burglary and
one case of theft over Fifty Dollars, cause #
959, #960, #971 and #973, and assessed three-
year terms in two cases, and two-year terms
in two cases, all sentences made concurrent.

"Later a five-year suspended sentence,
which had been assessed against Morrison by
the District Court of Hutchinson County October
18, 1937, one case of burglary under cause #925
was revoked. The final sentence under cause
#925 contains the following clause:



"'It further appearing that there has been one year served on said sentence up to this day; and the said Bill Morrison shall be confined in said penitentiary for not less than four years, being the unexpired portion of the original judgment and sentence herein rendered....'

"Whereas, Article 779, Code of Criminal Procedure states that suspended sentences, when revoked and made final, shall be cumulative sentences.

"2. Daniel Olivares, our #90891, was committed to the Prison System on March 16, 1939, from Hidalgo County where he had been convicted in one case of burglary, cause #5291, and assessed a five-year term.

"Also, a five-year suspended sentence, which had been assessed against Olivares by the District Court of Hidalgo County, October 7, 1938, one case of night-time burglary, under cause #5210, was revoked. The final sentence under cause #5210, contains the following clause:

"'It is therefore considered, ordered, adjudged and decreed by the court that the sentence heretofore imposed upon the said Daniel Olivares in this cause become operative, and the suspension thereof be vacated, and such sentence shall run concurrently with the said sentence in cause #5291 in this court.'

"Since each of these subjects have suspended sentences running concurrently with the other terms, and since Bill Morrison's suspended sentence was also dated back one year, we would like to know whether these cases should be so entered upon our records?"

We know of no reason why the cases inquired about in your letter should not be entered upon the records of the Texas Prison System, in accordance with the terms and provisions of the judgment of sentence pronounced by the court in each case, unless the same should be void because not being "cumulative" with the punishment of the subsequent conviction, as required by Article 779, Code of Criminal Procedure, rather than "concurrent".



It is true Article 779, Code of Criminal Procedure, provides for the revocation of a suspended sentence and states that when a sentence is revoked "the court shall pronounce sentence upon the original judgment of conviction and shall cumulate the punishment of the first with the punishment of any subsequent conviction or convictions." The failure, however, on the part of the court to comply with the terms and provisions of this statute, as was done in the cases in question, and sentence the defendants to the penitentiary for a term of years different from that prescribed by statute does not render the judgment of sentence void. The judgments of sentence in question may have been erroneous in this respect, but it does not follow they were, for that reason, void.

The Supreme Court of Texas in the case of Clayton v. Hurt, 88 Tex. 598, 32 S. W. 877, in an opinion by Justice Denman, stated:

"When a court of general jurisdiction, in the exercise of its ordinary judicial functions, renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the records or otherwise, to be."

Had the court in each of the cases in question complied with Article 779, Code of Criminal Procedure, and cumulated the punishment of the first conviction with that of the second, it would have added greatly to the punishment of each conviction. Therefore, we think the effect of the action of the courts in making the sentence in the first conviction run concurrent with the sentence in the subsequent conviction was to sentence each of the said convicts for a shorter term and give each of them less punishment than the law prescribes.

In this connection we quote the rule as stated in Corpus Juris, Vol. 29, page 61:

"A sentence for a shorter term or less punishment than the law prescribes for the offense for which the prisoner was convicted is erroneous but not void, and affords no grounds for discharge on habeas corpus."



We have been unable to find any case decided by our Texas courts in which judgment of sentence has been questioned because of being insufficient. However, we do find numerous cases decided by courts of other states in which the rule as above stated in Corpus Juris has been followed:

You are therefore advised that the judgment of sentence in the two cases mentioned in your letter are not void and each case should be entered upon the records of the Texas Prison System in strict accordance with the sentence pronounced by the court in each case.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Tom D. Rowell

Tom D. Rowell
Assistant

TDR:FL

APPROVED:

ATTORNEY GENERAL OF TEXAS